IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BRANDON SCOTT BOONE                                                         PLAINTIFF

v.                          Civil No. 2:22-CV-02143-PKH-MEF

SERGEANT BRANDON HICKS and
DR. DARRELL ELKINS                                                         DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's failure to comply with the Court's order to timely update the Court with any change of address and failure to prosecute this case.

### I.   BACKGROUND

Plaintiff filed the original complaint on August 30, 2022. (ECF No. 1). On that same day, the Court granted Plaintiff's application to proceed *in forma pauperis* (IFP) and directed Plaintiff to update the Court with any change of address within 30 days of any such change, failing which it would be recommended that his case be dismissed. (ECF No. 3). This order was not returned undeliverable.

On September 21, 2022, the Court ordered Plaintiff to submit an amended complaint, finding that the original complaint did not clearly state how each named defendant allegedly violated his constitutional rights. (ECF No. 6). This order was not returned as undeliverable. Plaintiff filed an Amended Complaint on September 28, 2022. (ECF No. 7). The Court issued a service order on the Defendants on October 12, 2022. (ECF No. 8). Upon receipt of the

1

Defendants' Answers, the Court entered an initial scheduling order.  (ECF No. 12).  This order was returned undeliverable and marked "return to sender" on December 12, 2022.  (ECF No. 14). Plaintiff's deadline for providing the Court with his current contact information was January 11, 2023.  (ECF No. 14).  That deadline has long passed, and Plaintiff has not provided any updated contact information.  In fact, Plaintiff has not communicated with the Court in any way since he filed his Amended Complaint on September 28, 2022.

## II.     LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III.   ANALYSIS

Plaintiff has failed to comply with the Court's order requiring him to maintain current contact information with the Court. (ECF No. 3). Thus, Plaintiff has failed to prosecute this case. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), it is recommended that Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and for failure to prosecute this case.

### IV.   CONCLUSION

For the reasons discussed above, it is recommended that Plaintiff's Amended Complaint (ECF No. 7) be **DISMISSED WITHOUT PREJUDICE**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of January 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE